Judge Owsley
delivered the opinion of the Court.
Baovra held a bond on Cox for the. conveyance of a tract of one hundred and seventy-five acres of land, being in the county of Nelson, and included in the boundaries cf a patent which issued from tiie Commonwealth to Jonathan Willis The land was sold by Brown to Glass, for the sum of eight hundred dollars, all of which has been paid by Glass, except ninety-eight dollars thirty-one cents, due the 2?th of August, 1822, and two hundred dollars due the first day of August, 1820, for which suits have been brought at law and judgments recovered against Glass. The land purchased by Glass from Brown, has since been conveyed by Cox to Glass, and at the time the deed of conveyance was made, the bond which Cox had given to Brown for a title, was delivered to Cox by Glass, he having previously received it from Brown for the purpose of getting the conveyance.
Since the deed of conveyance was made by Cox, suit lias been brought in the’ United States circuit couri íor district of Kentucky against Glass, for .the land, by .persons claiming the title under the patent to Willis; and apprehending the land would be lost, Glass brought this salt* in equity agoi’.rrt Brown anti Cox, for the purpose of cancelling the contract of purchase from Brown, and the deed ot *357 conveyance afterwards executed by Cox, and to enjoin the collection of the payment of the balance of the purchase money, for which the judgments at law have been recovered, and to be compensated for the purchase money which has been paid to Brown &c.
Allegations of falso representations of title in Cox, who conveyed to Glass at Brown’s instance, and his know! edge,but concealment, of Cox’s insolvency .
Brown’s answer.
Decree of the circuit court.
Found on the evidence,that the vendor, Brown, falsely represented Cox held patentee’s title, and knew but conooai-cd Cox’s insolvency, and thereby induced Gless, the purchaser to surrender his bind and accept a deed froni Cox — and
*357 It is alleged by the bill that Glass was induced, by the representations of Brown, to believe that Cox was possessed of Willis’ title, and that under that belief, and relying upon the representations, Glass made the purchase, agreeing to accept a conveyance of the title from Cox, and that he has since, under the same conviction and belief that Cox held the title of Willis, received the deed of conveyance made to him by Cox. But he alleges that Cox never had the title of Willis, and that he is utterly insolvent, and he charges that with a knowledge of those facts, and by concealing them from him, Brown has not only deluded him into the purchase of the land, and the acceptance of the deed from Cox, but is moreover unjustly and iniquitously attempting to coerce the payment of the residue of the price not yet paid See.
It is not pretended by the answer, either of Cox or Brown, that Cox was ever possessed of the title of Willis; but it is denied by Brown that any fraud was committed by him, or that he in any manner misrepresented the title to Glass, or concealed from him any facts in relation thereto, and he insists that, by the contract of sale, lie was to do nothing more than cause a deed to be made by Cox, upon whom he held a bond for a title, and that Glass was to look to Cox' and not to him for the goodness of the title.
On hearing, the circuit court dismissed the bill ox Glass; and to reverse that decree, this writ of error hs ias been prosecuted.
We should engage in an unprofitable undertaking, were we to attempt to enter upon an examination and discussion of all the facts which we understand to be proved by the evidence in the cause, and wind; have liad influence in producing the opinion about to be pronounced. We shall, therefore, without further remarks upon the evidence assume what wo *358 understand to be either proved or not contestedi that when contracting for the land Glass not only-thought he was purchasing the title of Willis, but that he was induced, by the representations of Brown, to believe that the title then resided in Cox, upon whom Brown held a bond for a conveyance, and that without apprehending the insolvency of Cox, or doubting the title of- Willis being in Cox, but confiding in the goodness of Willis’ title, and willing to receive a conveyance of that title from Cox, he closed the purchase, by contracting to give a full price for the land, and agreeing to accept from Cox the title which was known by Brown not to be in Cox, or at least so apprehended by him, and his knowledge or apprehension thereof, concealed from Glass; and that whilst under the samé delusion and belief, he accepted the deed from Cqx,. who at the time was known by Brown to be insolvent, and his insolvency not made known to Glass.
—Held Glass was entitled to a rescis-sidn.
Rents and interest,- and release of the claim to be made, upon the rescission of the contract.
Under these circumstances, we can have no. hesitation in saying that the; contract between Brown and Glass should not be permitted to stand, and that instead of dismissing his bill, relief ought to have been decreed to Glass.
The only difficulty that We have had in the case, relates to the extent of the decree which should be made. We have no difficulty in saying that the contract should be set aside, and in directing the parties to be placed in the situation they were in at the time of the contract, if it be practicable to be done. To, do so, Glass should be released from the payment of the judgments which have been recovered at law against him, for part of the purchase money, and recover from Bi-own that part of the price which has been paid by him &c. but as hé received the possession of the land from Brown, he ought to restore the possession back to Brown, if in his power to do so, and by an appropriate deed, he should transfer whatever interest or claim was derived by him under the deed from Cox to'Brown; and an account should be taken of the interest upon the money which has been paid by Glass, and the rent of the land since the possession was received by *359 him, and if tlie interest exceeds the rent, the excess should be decreed to Glass; but if the rent exceeds the interest, and the improvements made by Glass upon the land, the excess should be decreed to Brown,
It having been alleged by complainant in his bill for rescission, that an action at law for the land, was depending against him, the result of which not appearing in the recorded, ordered that the fact be ascertained by a commissioner, and the final decree as to rents, and surrender of possession, to be governed by the report.
Hardin and Mayes, for plaintiff; Wicklijje, for defendants.
But it may not be in the power of Glass to restore the possession. It appears that suit was brought against him by those claiming the title of Willis, in the United States court for the district of Kentucky, and although that suit does not appear from any thing in this record, to have been determined, it may, since this cause has been depending in this court, have been decided against Glass, so that he cannot now restore the possession, and as in that event he might be liable for the rent of the land to others, he ought not to account therefor to Brown. Without, therefore, directing peremptorily what decree should be entered by the court below, we have, under the peculiar circumstances of the case, deemed it most proper to reverse the decree and remand the cause, with directions to that court, before a final decree is madé, to ascertain through the medium of a commissioner or commissioners, to be appointed for that purpose, whether or not the suit against Glass in the United States circuit court, has been decided against him, and after ascertaining the fact, to cause an account to be taken and to enter a decree setting aside the contract, and giving such other and further relief as may be consistent with the principles of this opinion, when applied to the fact as it may be found to exist.
Glass must recover cost in this court.